## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2492 | **DATE** | 7/16/2003 |
| **CASE TITLE** | Laura Guerrero, et al. vs. Alivio Medical Center, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Petition to Remand to State Court [6-1]
Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [4-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, plaintiffs' petition to remand to state court is DENIED [6-1] and defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED [4-1]. This action is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 17 2003 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LAURA GUERRERO, as Mother and Next Fried of ALAN RODRIGUEZ, a minor, and LAURA GUERRERO, and LUIS RODRIGUEZ, Individually, | DOCKETED<br>JUL 1 7 2003 |
| Plaintiffs, | |
| v. | No. 03 C 2492 |
| ALIVIO MEDICAL CENTER, INC., An Illinois Corporation, MERCY HEALTH SYSTEM OF CHICAGO, d/b/a MERCY MEDICAL OF JUSTICE, and PATRICK MICHEL, M.D., | HONORABLE DAVID H. COAR |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This is an action for medical negligence. The plaintiffs filed their complaint in the Circuit Court of Cook County against Alivio Medical Center ("Alivio") and Patrick Michel, M.D. on November 13, 2002. Alivio Medical Center, Inc. is a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. This action was removed to this Court by the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(2), and the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. Under 42 U.S.C. § 233(c), the United States is substituted as the defendant. Before this court is plaintiffs petition to remand the action to state court and defendants' motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, plaintiffs' motion is denied and defendants' motion is granted.



I. Factual and Procedural Background

This cause is one for medical negligence arising out of the prenatal and intrapartum care of Laura Guerrero from June 28, 1999 until her delivery on February 23, 1999. As a result of the alleged negligence of the defendants, plaintiffs Laura Guerrero and Luis Rodriguez claim damages on behalf of their minor son, Alan Rodriguez. Alan Rodriguez is diagnosed with spastic cerebral palsy with developmental delay.

The plaintiffs filed their complaint in the Circuit Court of Cook County against Alivio Medical Center ("Alivio") and Patrick Michel, M.D. on November 13, 2002. The defendants did not file an appearance and plaintiffs' motions to default against both Alivio and Dr. Michel were granted by Judge Lynn Egan on April 10, 2003. On April 11, 2003, the United States filed a notice of removal pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233, as well as sections 1441(a) and 1446(d) of Title 28. On May 12, 2003, plaintiffs filed objections to the notice of removal and petitioned the court to remand the action to state court. Defendants filed a motion to dismiss for lack of subject matter jurisdiction.

II. Discussion

Plaintiffs argue that removal was improper because the notice of removal was not filed within thirty days of defendants' receipt of the initial pleading as required by 28 U.S.C. § 1446(b). This action was removed pursuant to the Federal Tort Claims Act ("FTCA"). Section 2679(d)(2) of the FTCA provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a State court *shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States . . .

(Emphasis added.) This action was also removed pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. Section 233(c) of Title 42 also provides that such an action "shall be removed any time before trial by the Attorney General . . . and the proceeding deemed a tort action brought against the United States." Pursuant to the FTCA, "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 42 U.S.C. § 233(c). The Attorney General's designee has certified pursuant to 28 U.S.C. § 2679 that Alivio Medical Center, Inc. was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233 and that Dr. Michel was acting within the scope of his employment at Alivio with respect to the incidents referred to in the complaint, deeming Alivio and Dr. Michel employees of the United States for purposes of the FTCA. The certifications are attached to the defendant's notice of removal. Thus, removal was proper.

In their brief in opposition to defendants' motion to dismiss, plaintiffs continue to argue that this action does not belong in federal court. The plaintiffs argue that contrary to the Attorney General's certification, Dr. Michel was not acting within the scope of his employment as an employee of the United States at the time of the incidents out of which Guerrero's claim arose. Although reviewable, the certification creates a rebuttable presumption that Dr. Michel was acting within the scope of employment. Hamrick v. Franklin, 931 F.2d 1209, 1212 (7th Cir. 1991). Plaintiffs first argue that Dr. Michel was not a federal employee because Alivio did not control or supervise Dr. Michel's day-to-day functions as a physician. Section 233, however, expressly expands the definition of employees under FTCA to include physicians who contract with a qualified health center, thereby extending the government's liability. HHS deemed Alivio

-3-

and Dr. Michel to be federal employees. Dr. Michel signed an employment contract with Alivio. It is undisputed that Ms. Guerrero was an Alivio patient and that Dr. Michel received no compensation for treating Ms. Guerrero other than his monthly salary from Alivio.

Plaintiffs next argue that even if Dr. Michel is a government employee, he was acting outside the scope of his employment with Alivio. According to Dr. Michel's employment contract and job description at Alivio, he was to provide obstetrical care, including operative deliveries, to the women clients of Alivio in collaboration with the Midwifery Program and to serve as primary attending physician to Alivio patients who were admitted to the hospital, which included being on-call for inpatient back-up. The conduct in question occurred at Mercy Hospital while Dr. Michel was the on-call obstetrician. Dr. Michel testified that he was on-call for Alivio the day Ms. Guerrero delivered. Nonetheless, plaintiffs argue that Dr. Michel was acting outside the scope of his employment because the night Dr. Michel delivered Ms. Guerrero's child, in addition to being on-call for Alivio, he also could have been on-call for Mercy Hospital or his private practice. Plaintiffs further contend that having resident physicians present during Ms. Guerrero's care takes Dr. Michel outside the scope of his employment with Alivio. Dr. Michel testified that "every physician at Mercy Hospital, even the ones that weren't employed with Mercy, were supervising residents even though they aren't paid by Mercy." Under Illinois law, "[c]onduct may be within the scope of employment although done in part to serve the purposes of the servant or of a third person." *Restatement (Second) of Agency* § 236 at 523. Comment a to § 236 "makes it clear that a person may 'serve two masters'" and still be within scope. McCloughan v. City of Springfield, 172 F.Supp.2d 1009, 1017 (C.D. Ill. 2001). Since Dr. Michel's contract with Alivio required him to admit patients, serve as primary attending

-4-

physician with necessary and cross-cover inpatients, his involvement with the residency program constitutes the kind of conduct Alivio would expect him to perform and for which Alivio employed him. Accordingly, Dr. Michel was acting within the scope of his employment when he treated Ms. Guerrero.

Defendants filed a motion to dismiss this action for lack of subject matter jurisdiction because plaintiffs failed to comply with the jurisdictional prerequisites to filing suit as required by the FTCA, 28 U.S.C. §§ 1346(b), 2675(a). Under the FTCA, "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant "shall have first presented the claim to the appropriate Federal agency . . ." 28 U.S.C. § 2675(a). The filing of an administrative claim is a prerequisite to filing a claim in federal court, which cannot be waived. McNeil v. United States, 50 U.S. 106, 111 (1993); Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim ...," and the claim must be filed with the appropriate agency within two years of the date that the claim accrued.) The purpose of this requirement is to make certain the claimant exhausts his administrative remedies before filing suit. Murrey v. United States, 73 F.3d 1448, 1451-2 (7 th Cir.1996). If the administrative tort claim filed with the agency is deemed inadequate, the court is divested of jurisdiction over the action. Id. at 1451. In this case, plaintiffs have not alleged filing an administrative claim with the Department of Health and Human Services ("HHS"). Because plaintiffs failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction over the action against the United States.

## Conclusion

For the foregoing reasons, plaintiff's petition to remand is DENIED. Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: July 16, 2003